IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

CH2M HILL CONSTRUCTORS, INC.,
9191 S. Jamaica St.
Englewood, CO 80112-5946
Tel: (303) 771-0900
Fax: (720) 286-9250

Petitioner,

vs.

WASHINGTON GROUP
INTERNATIONAL, INC.,

Respondent.

Case No.

# PETITIONER CH2M HILL CONSTRUCTORS, INC.'S PETITION FOR ORDER COMPELLING ARBITRATION AND APPOINTING ADRIAN L. BASTIANELLI, III, ESQ. AS THE ARBITRATOR

Petitioner CH2M Hill Constructors, Inc. ("CH2M Hill" or "Petitioner") hereby alleges:

1.  On June 27, 2003, Petitioner entered into a written contract with Respondent Washington Group International Inc., now the Washington Division of the URS Corporation ("Washington" or "Respondent"), to subcontract environmental clean up work at the Department of Energy's Savannah River site in South Carolina ("Teaming Agreement"); Washington's wholly-owned subsidiary at the time, Washington Savannah River Company ("WSRC"), had the prime contract with the United States Department of Energy with respect to the Savannah River site.

2.  On August 7, 2003, CH2 Savannah River Company ("CH2SR"), a subsidiary of CH2M Hill, entered into a written subcontract with WSRC, as contemplated by the Teaming Agreement ("Subcontract").

3.  In or about February 2007, a dispute arose between Washington and CH2M Hill regarding the amount of fee due to CH2M from Washington.

4.  On March 3, 2008, CH2M Hill and Washington entered into a written agreement whereby the parties agreed they would engage in mediation to resolve the

amount of fee owed to CH2M Hill by Washington under the Teaming Agreement and the Subcontract ("Mediation Agreement"). A true and correct copy of the Mediation Agreement is attached hereto as Exhibit A, and its terms are incorporated in this Petition as set forth therein.

5. The third paragraph of the Mediation Agreement provides for arbitration of this dispute as follows:

> "The parties understand, however, that in the event mediation is terminated or for any reason fails to achieve an outcome mutually acceptable to both parties, that the parties shall timely submit the dispute to binding arbitration."

6. The mediation, conducted in March of 2008, was terminated and failed to achieve an outcome mutually acceptable to the parties. Thereafter, the parties began discussing plans for the mandatory arbitration required by the Mediation Agreement.

7. Despite numerous discussions between counsel for the parties regarding selection of an arbitrator, location and timing of the arbitration, and related issues, material disagreement exists as to the timing of the arbitration and selection of an arbitrator. Counsel for the parties have agreed that the arbitration shall take place in the District of Columbia. However, counsel have been unable to agree on the selection of an arbitrator. Accordingly, CH2M now brings this Petition to compel arbitration and to have the Court appoint Adrian L. Bastianelli, III, Esquire, of Peckar, Abramson, Bastianelli, Kelley, LLP, Two Lafayette Center, 1133 21st Street, N.W., Suite 500, Washington, DC 20036 as the arbitrator.

8. The parties' agreement to arbitrate is governed by the Federal Arbitration Act ("FAA"), Title 9 of the United States Code, Sections 1-16.

9. A petition to compel arbitration under the FAA may be filed in any U.S. District Court which, but for the arbitration agreement, would have had jurisdiction over the dispute. This Petition involves a dispute between citizens of different states; CH2M Hill is a corporation incorporated in the State of Florida with its principal place of

business in the State of Colorado, and Washington is a corporation incorporated in the State of Ohio with its principal place of business in Idaho. The amount in controversy exceeds $75,000. Jurisdiction is therefore proper under 28 U.S.C. § 1332.

10. Under 9 U.S.C. § 9 of the Federal Arbitration Act, this Court has jurisdiction to designate and appoint the single arbitrator for the arbitration.

### PRAYER FOR RELIEF

WHEREFORE, CH2M Hill prays as follows:

1. That the Court compel Respondent to arbitrate this controversy;

2. That the Court appoint Adrian L. Bastianelli, III as the arbitrator for this matter; and

3. That CH2M Hill be awarded costs of this proceeding and such other relief as the Court deems just and proper.

Dated: June 13, 2008

By: _____
Jerry Stouck, D.C. Bar No. 343400
Larry D. Harris, D.C. Bar No. 309310
Greenberg Traurig, LLP
2101 L. Street, N.W., Suite 1000
Washington, DC 20037
202.331.3133

Attorneys for Petitioner
CH2M HILL CONSTRUCTORS, INC.

Of Counsel:

Deborah S. Ballati
Farella Braun & Martell, LLP
235 Montgomery Street, Suite 3000
San Francisco, California 941074
415.954.4400

Attorney for Petitioner
CH2M HILL CONSTRUCTORS, INC

# Exhibit A

Case 1:08-cv-01016-ESH     Document 1-2     Filed 06/13/2008     Page 1 of 3

MEDIATION AGREEMENT

The parties and attorneys agree to engage in mediation in good faith to resolve the amount of fee owed to CH2M Hill Constructors, Inc. (CH2M HILL) by Washington Group International, Inc. (Washington).

Each party agrees to have in attendance for all mediation sessions an individual empowered to enter into a settlement of this dispute.

The parties understand that mediation is voluntary and may be terminated at any time. The parties and attorneys understand that the mediator has no authority to decide the case and is not acting as an advocate or attorney for either party. The parties understand, however, that in the event mediation is terminated or for any reason fails to achieve an outcome mutually acceptable to both parties, that the parties shall timely submit the dispute to binding arbitration.

This mediation is a confidential process. Any settlement-specific documents submitted to the mediator and statements made during the mediation, including proposed settlement terms, are for settlement purposes only, are confidential, and are inadmissible in any litigation or arbitration of this dispute, to the extent allowed by law. "Settlement-specific documents" are documents in any form that would not have been prepared except to further this mediation effort. All information provided to the mediator is confidential except that evidence otherwise admissible or discoverable shall not be rendered inadmissible or undiscoverable because of its use in the mediation.

The parties and counsel agree not to subpoena the mediator or any settlement-specific documents. In no event will the mediator voluntarily testify on behalf of any party or third-person or submit any type of report in connection with this mediation.

During the course of the process, the parties and counsel will not discuss any matter relating to the mediation with the press except by express written permission of the other party and counsel.

Documents or information designated as privileged under the attorney-client or attorney work product doctrine that are disclosed to the mediator shall be kept confidential by the mediator unless the disclosing party otherwise agrees. Disclosure of such documents or information to the mediator shall not be deemed by the parties a waiver of any privilege.

The mediator will be Professor Steven L. Schooner. He will review any written information submitted by the parties and counsel and may request position papers from each side outlining the legal and factual issues in the dispute as well as the range of settlement options. Confidential papers will be due to Professor Schooner by February 29. He will conduct a face-to-face session with all counsel and parties present. In the initial meeting, at what is called the "joint session," each side may present a summary of its view of the case. After the joint session, the mediator may hold a series of private sessions with each side separately to assist them in trying to find a mutually acceptable solution. The mediator may hold subsequent sessions, and discussions with counsel on the phone.

This mediation shall begin on March 10, 2008, in Washington, DC, and is expected to be completed by March 12, 2008. The fee for Professor Schooner be paid at a rate of $510.00 per hour, plus expenses. Washington and CH2M Hill will share in 50% of the total and 50% of the costs of meeting rooms and equipment required for the mediation. The parties shall consult on meeting rooms and equipment in advance. The parties and counsel shall each bear their own travel costs.

No party or counsel shall be bound by anything said or done at the mediation unless a written settlement is reached and executed by all necessary parties and counsel. If a settlement is reached, the agreement shall be reduced to writing and, when signed and approved by the appropriate authorities for all parties and counsel, shall be binding upon all parties and counsel to the agreement.

1

Confidential and Privileged for Settlement Purposes Only

This agreement will become final once all the appropriate authorities have approved it.

By signature below, we acknowledge that we have read, understand, and agree to this Mediation Agreement.

_____
Counsel for CH2M HILL

Date  3-3-08

_____
Counsel for WSRC

Date  2·19·08


_____

Mediator

Date

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing **Notice of Petitioner CH2M Constructors, Inc.'s Petition for Order Compelling Arbitration and Appointing Adrian L. Bastianelli, III, Esq., as the Arbitrator** and **Petitioner CH2M Hill Constructors, Inc.'s Petition for Order Compelling Arbitration and Appointing Adrian L. Bastianelli, III, Esq. as the Arbitrator**, was mailed by Federal Express, this 13th day of June, 2008 to:

Washington Division of URS Corporation
c/o Registered Agent:
CT Corporation System
111 Eighth Avenue
New York, NY 10011

Daniel E. Johnson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006-1108

_____
Jerry Stouck

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CH2M Hill Constructors, Inc. (PETITIONER) | Washington Division of URS Corporation (RESPONDENT) |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  **88888**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jerry Stouck
Greenberg Traurig, LLP
2101 L St., NW
Suite 1000
Washington, DC 20037
(202) 331-3100

ATTORNEYS (IF KNOWN)

Daniel E. Johnson
McKenna, Long & Aldridge LLP
1900 K St., NW
Washington, DC 20006-1108

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ● 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**
Any nature of suit from any category may be selected for this category of case assignment.
*(If Antitrust, then A governs)*

● **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
9 U.S.C. s 4. The Parties entered into an arbitration agreement and Respondent has failed to agree to arbitrate under that agreement.

**VII. REQUESTED IN COMPLAINT** — CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ _____    JURY DEMAND: YES ☐   NO ☒   Check YES only if demanded in complaint

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  June 13, 2008   SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CH2M HILL CONSTRUCTORS, INC., <br> 9191 S. Jamaica St. <br> Englewood, CO 80112-5946 <br> Tel: (303) 771-0900 <br> Fax: (720) 286-9250 <br><br> Petitioner, <br><br> vs. <br><br> WASHINGTON GROUP INTERNATIONAL, INC., <br><br> Respondent. | Case No. 1:08-cv-01016 |

### PROPOSED ORDER

AND NOW, this ___ day of _____, 2008, upon consideration of Petitioner CH2M Hill Constructors, Inc.'s Petition for Order Compelling Arbitration and Appointing Adrian L. Bastianelli, III, Esq. as the Arbitrator, and any opposition thereto, it is hereby ORDERED that the Petition is GRANTED.

_____
Hon. Ellen S. Huvelle